UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR # J-48500,<br><br>         Petitioner,<br><br>v.<br><br>IMPERIAL COUNTY SUPERIOR COURT JUDGES,<br><br>         Respondents. | Case No. 24-cv-02087 BAS-JLB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Petitioner Steven Wayne Bonilla, proceeding pro se and currently incarcerated at the California Medical Facility, has filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361. (ECF No. 1.) Petitioner seeks to "compel the Judges to perform their duty," obtain a declaration that his judgment from the Alameda County Superior Court is void, and recover compensatory damages. (*Id*. at 1–2.) Petitioner has not paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action nor has he filed a Motion to Proceed in Forma Pauperis ["IFP"] pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the Court **DISMISSES** the Petition.

**I. Failure to Pay Filing Fee or Request IFP Status**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

While "the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee'" and section 1915(b) "provides a structured timeline for collecting this fee." *Hymas v. U.S. Department of the Interior*, 73 F.4th 763, 767 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(b)(1) and citing 28 U.S.C. § 1915(b)(1)-(2)). Prisoners seeking leave to proceed IFP are required to submit both "an affidavit that includes a statement of all assets such prisoner possesses" and a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); *see also* S.D. Cal. CivLR 3.2(a)-(b).

Using this information, the court "shall assess and when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)-(2)). Thus, while a prisoner may qualify to proceed IFP without being required to pay the full statutory filing fee upfront, they remain obligated to pay the full amount due in monthly installments irrespective of whether the action is later dismissed. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)-(2).

Here, because Petitioner has neither paid the $405 filing and administrative fee pursuant to 28 U.S.C. § 1914(a) nor has he filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot proceed. *See Andrews*, 493 F.3d at 1051; *Hymas*, 73 F.4th at 765.

## II.     Leave to Proceed IFP

Although the Court would typically grant a prisoner leave to file an IFP motion, as relevant to Petitioner, the PLRA also amended 28 U.S.C. § 1915(g) to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"Strikes are prior cases or appeals, brought while the [petitioner] was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (internal quotations and brackets omitted). "[S]uch a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting Section 1915(g)'s exception for IFP complaints which "make[] a

plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

While Petitioner has not moved to proceed IFP in this case, the Court nevertheless finds it would be futile for him to do so. While defendants typically carry the burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is true here.

Based on the dockets of many court proceedings available on PACER,[1] this Court finds that Petitioner Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Petitioner's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g),

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

he no longer qualifies to proceed in forma pauperis in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23–7:19)).

The Court has reviewed the Petition and finds that it does not contain any "plausible allegations" to suggest that Petitioner "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)) (*see generally* ECF No. 1.) Instead, Petitioner contends that he was the victim of "malicious prosecution," asserting that the arrest warrant in his case was invalid, no federal grand jury subpoena was issued, his prosecution lacked probable cause, and the resulting judgment is therefore "void." (*See* ECF No. 1 at 1–2.) He seeks a declaration to this effect from the Respondent Judges, whom he claims have failed to address these issues. (*Id.*)

Accordingly, because Petitioner, while incarcerated, has accumulated far more than the three "strikes" permitted by Section 1915(g), and fails to plausibly allege that he faced imminent danger of serious physical injury at the time of filing, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *see also Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that "§ 1915(g) does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status.")

### III. Conclusion and Order

For the reasons discussed above, the Court **DISMISSES** this Petition based on Petitioner's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a). The Clerk is **DIRECTED** to close the case and accept no further documents for filing, except a timely Notice of Appeal, which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: December 12, 2024

_____
Hon. Cynthia Bashant
United States District Judge